IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CARLOS FOXX**     **PETITIONER**

**v.**     **No. 4:19-CV-52-DMB-RP**

**MIDDLE BROOKS**     **RESPONDENT**

## ORDER

On or about April 9, 2019, Carlos Foxx filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Northern District of Mississippi. Doc. #1. Foxx's petition challenges his 2013 convictions and sentences in the Circuit Court of Coahoma County, Mississippi, for attempted armed robbery, armed robbery, and manslaughter. *Id.* at 1. On December 17, 2019, the state filed a motion to dismiss, arguing that this Court lacks jurisdiction over the petition, that the petition is untimely, and that it is procedurally defaulted. Doc. #9 at 2, 17. The motion asserts that "these claims should be dismissed with prejudice for lack of jurisdiction or transferred to the Court of Appeals for the Fifth Circuit for authorization to file" a successive petition. *Id.* at 2 n.3.

The Antiterrorism and Effective Death Penalty Act requires that an applicant seeking to file a second or successive petition must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section "2244(b)(3)(A) acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Fifth Circuit] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). While "a district court may dispose of applications lacking authorization through dismissal" for lack of jurisdiction, it may, pursuant to 28 U.S.C. § 1631, transfer such a petition to the Fifth Circuit, the court with jurisdiction over

the action, "upon a finding that the petition is successive." *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Foxx has filed at least one unsuccessful § 2254 petition challenging the same convictions and sentences he seeks to challenge in this action. *See Foxx v. State of Mississippi*, No. 4:14-cv-85, 2015 WL 1321500, at *1 (N.D. Miss. Mar. 24, 2015). However, Foxx has not obtained an order of authorization before filing this action. Therefore, in the interest of justice and judicial economy:

1. The motion to dismiss [9] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks transfer to the Fifth Circuit. It is DENIED in all other respects.

2. The Clerk of Court shall **TRANSFER** this petition and the entire record of this case to the Fifth Circuit Court of Appeals in accordance with 28 U.S.C. § 2244(a) & b(3)(c), and 28 U.S.C. § 1631.

3. This case is **CLOSED**.

**SO ORDERED**, this 10th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**